**In re Petition for DISCIPLINARY ACTION AGAINST Jennie Catherine M. BROWN, a Minnesota Attorney, Registration No. 166637.**

### No. A11–1019.

Supreme Court of Minnesota.

Nov. 16, 2011.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Jennie Catherine M. Brown committed professional misconduct warranting public discipline, namely, neglect of six client matters resulting in dismissal of those matters, failure to pay court-ordered sanctions for bringing a meritless claim, failure to maintain required practice-related and trust account books and records, and failure to cooperate with the Director's investigation of an overdraft in her trust account, in violation of Minn. R. Prof. Conduct 1.3, 1.4(a)(1), (3), and (4), 1.15(c)(3) and (h), 3.1, 3.2, 3.4(c), 8.1(b), 8.4(d), Appendix 1 to the Rules of Professional Conduct, and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent waived her procedural rights under Rule 14, RLPR, and unconditionally admitted the allegations of the petition. In addition, the parties each provided the court with additional information about the particular client matters that formed the basis of the disciplinary petition. The parties jointly recommend that the appropriate discipline is a public reprimand and two years of supervised probation.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Jennie Catherine M. Brown is publicly reprimanded and placed on supervised probation for a period of two years from the date of filing of this order, subject to the following terms and conditions:

(a) Respondent shall abide by the Rules of Professional Conduct.

(b) Respondent shall cooperate fully with the efforts of the Director's Office to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. At the Director's request, respondent shall authorize the release of information and documentation to verify compliance with the terms of this probation.

(c) Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Within two weeks of the date of filing of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files, as described in paragraph (d). Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall provide the supervisor with an inventory of all active client files. With respect to each active client file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(e) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent reviews each and every file regularly, and completes legal matters on a timely basis.

(f) Within 30 days from the date of filing of this order, respondent shall provide the Director and the probation supervisor, if one has been appointed, with a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

(g) Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1. These books and records include the following: client subsidiary ledger, checkbook register,

monthly trial balances, monthly trust account reconciliations, bank statements, canceled checks, duplicate deposit slips, and bank reports of interest, service charges, and interest payments to the Minnesota IOLTA Program. Such books and records shall be made available to the Director within 30 days from the date of filing of this order, and thereafter made available to the Director at such intervals as he reasonably deems necessary to determine compliance.

Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice